ABEL TEMPLE v. THE STATE.

No. 5538.   Decided November 12, 1919.

Robbery—Insufficiency of the Evidence—Charge of Court.

Where, upon trial of robbery, the evidence raised the issue that de-
fendant was induced to part with his money and place it under the control of
the party alleged to have been injured, through the latter's deception and
fraud in playing a game of cards, and that he thereupon took it away from
him, he was not guilty of the offense of robbery.   Distinguishing: Blaine
v. State, 34 Texas Crim. Rep., 448, and the court should have submitted
a requested charge upon this phase of the case.   Following:   Porter v.
State, 23 Texas Crim. App., 295, and other cases.

Appeal from the District Court of Matagorda. Tried below before
the Hon. Sam'l J. Styles, judge.

Appeal from a conviction of robbery; penalty, five years imprison-
ment in the penitentiary.

The opinion states the case.

*Matt Cramer,* for appellant.—Cited Carroll v. State, 57 S. W. Rep.,
100; Coker v. State, 71 Texas Crim. Rep., 504, 160 S. W. Rep., 366.

*Alvin M. Owsley,* Assistant Attorney General. for the State.—Cited
Lewis v. State, 59 S. W. Rep., 886; Carroll v. State, 42 Texas Crim.
Rep., 30;   Blaine v. State, 34 id., 448.

MORROW, JUDGE.—Appellant appealed from a judgment con-
demning him to the penitentiary for five years for the offense of
robbery.

The appellant and Walter Dorsey were gambling, and the appel-
lant lost some money, and it is the theory of the State that the ap-
pellant regained the money and in doing so made an assault upon
Dorsey under circumstances rendering him guilty of the offense
charged.   The parties were sitting on the floor, and the prosecuting
witness stated in his evidence that he had the money which he had
won from appellant and some of his own money "right between my
legs, up against the crotch;" that while he was preparing to pick up
the money, the appellant demanded it and picked it up and backed
out of the door, exhibiting a pistol by pulling it part of the way out
of his hip pocket.   Appellant and other witnesses present denied the
exhibition of the pistol or its possession by the appellant.   Appellant's
theory was that Dorsey, who was dealing, represented to him that
there were forty cards in the deck, and that he believed that to be
true, when, as a matter of fact, it was false, Dorsey having but thirty-
six cards in the deck.   The evidence was undisputed that to play the
game forty cards were necessary, and appellant contended that by
reason of the fraud he was cheated out of his money.   He also denied

any assault, and claimed that when he discovered fraud he took back his own money which was lying on the floor between the legs of Dorsey, that he got no money but his own, and not quite all of that.

The appellant by a special charge sought to have the jury instructed upon his theory of the case, and presents here the view that if the appellant was induced to part with his money and place it under the control of Dorsey through his deception and fraud, that he would not be guilty of the offense of robbery in regaining possession of it, though in doing so he used force. We believe this to be sound. This is a different proposition from that asserted in Blaine v. State, 34 Texas Crim. Rep., 448, and others, holding where one playing at a gambling game loses money under the rules of the game and surrenders it to his adversary, that he may be guilty of robbery when he regains it by force. Under the circumstances named in Blaine's case and Carroll's case, 42 Texas Crim. Rep., 30, the injured party, having won the money according to the rules of the game and been put in possession of it, had, under the decisions, such title to it as brought him within the terms of the robbery statute, Art. 1327. In the instant case, if appellant's theory be correct he was induced to part with his money, not perforce of any game played according to its rules, but by reason of the false and fraudulent representations of Dorsey. Under one of our statutes on theft, Article 1332, Penal Code, one obtaining personal property by any false pretext with intent to appropriate it to his own use may be convicted of theft. Among the devices which have been held to come within this statute is a card game used to fraudulently obtain possession of money. Porter v. State, 23 Texas Crim. App., 295; Conner v. State, 79 S. W. Rep., 924; Randall v. State, 70 S. W. Rep., 958. Under these decisions, if Dorsey induced the appellant to part with the possession of his money by a false pretext within the meaning of the law, he acquired no right to the money, and the appellant lost no right to its control. Cyc. vol. 20, p. 941; Bass v. Peevey, 22 Texas, 296; Rector v. Hudson, 20 Texas, 234. If Dorsey acquired appellant's money by theft, the identical money being in view, the appellant would not be guilty of robbery in re-possessing himself of his own. It is well settled that one cannot be guilty of robbery by taking his own specific property from the possession of another, although the taking may be accomplished under such circumstances as would amount to robbery if the property belonged to the person form whom it was taken. Glenn v. State, 49 Texas Crim. Rep., 349; Barnes v. State, 9 Texas Crim, App., 128; Higgins v. State, 19 S. W. Rep., 503; Smedley v. State, 30 Texas Crim. App., 214; American and English Annotated Cases, vol. 13, p. 775, note.

We think the charge should have been so amended that it would inform the jury in appropriate terms of the appellant's rights in the event they believed from the evidence that his money was obtained

from him by a false pretext, and that the failure to so instruct them constitutes error requiring a reversal of the judgment.

*Reversed and remanded.*