[This opinion reached the hands of the Reporter October 17, 1923.—Reporter.]

---

SLIM CASKEY AND BURNEY RAY v. THE STATE.

No. 7108.  Decided February 21, 1923.

Rehearing denied October 17, 1923.

1.—Robbery—Evidence—Cross-Examination.

Upon trial of robbery there was no reversible error to elicit from the witness Burns upon cross-examination, that when he arrived at the apartment where the robbery is alleged to have occurred, he saw a twenty-dollar gold piece among the money that had been taken from the parties, under the facts of the instant case.

2.—Same—Argument of Counsel—Practice on Appeal.

. Where the argument of the district attorney was that the only way to stop these highway robberies was for the juries of the county to do their duty, etc., there was no reversible error.

3.—Same—Rehearing—Practice on Appeal.

Where the appellant, in his motion for a rehearing, again insisted that certain testimony was hearsay and the argument of state's counsel was reversible error, and this matter has been sufficiently discussed in the original opinion, the motion is overruled.

Appeal from the District Court of El Paso.  Tried below before the Honorable W. D. Howe.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*L. A. Dale* and *Chas. C. Crenshaw* for appellant.  On question of argument of counsel, Black v. State, 187 S. W. Rep., 333; McPeak v. State, 187 id., 754; Daniels v. State, 160 id., 707;

On question of hearsay evidence, Sorrell v. State, 169 S. W. Rep., 299.

*R. G. Storey*, Assistant Attorney General, for the State.

On question of argument of counsel, Rainey v. State, 89 Texas Crim. Rep., 296; Monroe v. State, 89 Texas Crim. Rep., 326.

HAWKINS, JUDGE.—Appellant were tried in the District Court of El Paso County, charged jointly with the robbery of Alec Thrift. Both were convicted and punishment assessed against each at five years confinement in the penitentiary.

No exception was taken to the court's charge and no special charges were requested. The case is submitted upon the contention of appellants that the evidence is insufficient to support the verdict, and alleged errors presented by three bills of exception.

The evidence reveals that Alec Thrift and Curly Wilmerling on the night of the alleged robbery were in Juarez, Mexico, across the river from El Paso. They were in the cafes, dance halls and gambling houses, as were also both of the appellants. Some acquaintance existed between Thrift, Wilmerling and the two appellants. Appellants were both drinking, and according to the testimony of appellant Caskey, somewhat to excess. Wilmerling was gambling during the night and Thrift, knowing he had a considerable sum of money, remonstrated with him for carrying it about his person, and induced Wilmerling to turn over to him (Thrift) some $2,200. Thrift testified that when Wilmerling gave him the money he at first put it in his pocket but later went to the toilet and while there placed it in the top of his sock. The bartenders at one of the saloons testified that they heard some conversation in which the two appellants, Thrift and Wilmerling were engaged with reference to somebody having too much money, but claimed not to know who was talking or to whom the remarks were addressed. About midnight Mrs. Grant, Saunders, Thrift, Wilmerling and other parties returned together in a car to El Paso where they all lived at the same apartment. The two appellants had preceeded them in Caskey's car, bringing with them some other parties. After their friends got out of their car Caskey and Ray went to the former's room, secured two pistols and from there went to the apartments where Mrs. Grant, and the others resided, where they apparently waited for them to arrive. Upon reaching the apartment Mrs. Grant, Saunders and Miss Edwards immediately proceeded up the stairway. There is some controversy as to whether the "hold up" was in progress at the time Mrs. Grant and Saunders went up the stairway, or whether appellants permitted them to pass before making the demonstration toward Thrift and Wilmerling. Mrs. Grant and Saunders

appear not to have known a holdup was being staged, but Miss Edwards heard it and reported to Mrs. Grant who did not seem to believe it. The evidence shows that Ray presented a pistol and commanded Thrift and Wilmerling to hold up their hands. Thrift appears at first to have thought it a joke, and testified that while he was arguing with Ray, saying, "I won't put my hands up, I don't think you are sticking me up," that Caskey remarked, "Get over here, you little s— of a b—, and put your hands up, I am about to do a killing," he also having a pistol. Upon this being said by Caskey, Thrift and Wilmering put their hands up and were directed by the two appellants to "line up" inside the entrance to the apartment; after they went into the hallway appellant Ray searched them while Caskey stood there with his gun. Ray got from Thrift some seven or eight dollars in silver. He says that while Ray was searching him he (Ray) put his hands on his watch, pin and other articles of jewelry and upon being told by Thrift that he did not want them Ray would pass them up. According to Thrift's testimony Ray did not find the twenty-two hundred dollars which he had hidden in the top of his sock. Wilmerling was not present at the trial; Thrift does not undertake to say how much money appellants got from Wilmerling, but immediately after the holdup from Wilmerling's *res gestae* statements introduced in evidence it appears they secured from him some thirty-five or forty dollars, among which was a twenty-dollar gold piece. Wilmerling also had some three or four hundred dollars which appellants either did not find or failed to take. Ray did not testify. Caskey's testimony is to the effect that he was present in Juarez at the time the money was given by Wilmerling to Thrift and said to Thrift that somebody would hold him up, to which Thrift replied that he "dared anybody to try to hold him up," whereupon he (Caskey) replied, "Why, I will hold you up before morning;" that on the way from Juarez to El Paso he and Ray agreed to go to the apartment and wait for Thrift and Wilmerling and as a joke pretend to rob them and get something like a dollar from each of them and buy drinks with it the next morning. He claims that Ray found the larger amounts of money upon both the parties but did not take it as it was only a joke. The evidence raised the issue as to whether the two appellants were really engaged in a robbery or whether they were engaged in it as a practical joke. The issue was submitted to the jury in a manner which was acceptable to appellants, and the finding of the jury upon their only defensive issue was against them. Under the evidence they might have acquitted without being subject to criticism. It is not explained by appellant Caskey why they abandoned their original idea of taking only a dollar from each of the parties and, instead took from one seven or eight dollars and from the other some thirty-five or forty dollars. The evidence of the

state is sufficient to support the conviction and the jury having determined that issue in favor of the state we would not feel authorized upon a question of fact to disturb their finding.

The question presented in bills of exception one and two may be considered together. The robbery was reported to the officers by the driver of the car who brought Mrs. Grant and her party to El Paso from Juarez. Appellants placed Burns, one of the officers, upon the witness stand, who testified that he arrested Caskey at the St. Regis hotel on the night of the alleged robbery and Ray at another place where he lived. Upon cross-examination it was elicited from Burns that when he arrived at the apartment where the robbery is alleged to have occurred he went upstairs to the second floor and then stated. "When I got there I received information as to some particular money that had been taken from one of those parties, among the money was a twenty-dollar gold piece." It appears further that he saw Thrift and Wilmerling but had no conversation with them directly. Burns further testified over objection that when he went to the St. Regis hotel after leaving the apartment he made inquiry with reference to a twenty-dollar gold piece, and saw one at the hotel that night; that the clerk of the St. Regis hotel had it. Objection was interposed to all this testimony on the ground that it was hearsay and inadmissible, and not binding upon appellants. It does not appear from whom this witness received the information at the apartment that in the alleged robbery a twenty-dollar gold piece had been taken, but before Burns testified it was already in evidence that immediately after the robbery Wilmerling had made the statement that among the money taken from him was a twenty-dollar gold piece. This statement was a part of the res gestae and would have been admissible even over appellants' objection. If Burns had no direct conversation with Thrift and Wilmerling upon reaching the apartment it may be assumed that he received this information from some of the parties to whom or in whose presence Wilmerling had made such statement. This was hearsay and should not have been admitted; but granting this to be true, we have been unable to reach the conclusion, in view of it already being in evidence that a twenty-dollar gold piece was taken, that this statement on the part of the officer was such error as would call for a reversal. The clerk of the St. Regis hotel who was on duty at the time appellant Caskey came in that night testified that Caskey requested change for a twenty-dollar gold piece, which he gave him. This appears to be the gold piece that officer Burns testified to having seen at the St. Regis hotel.

In the third bill of exception appellants complain at the following argument of the district attorney;

"The only way to stop these highway robberies is for the juries of this county to do their duty. Now if you do not convict these de-

fendants for this holdup don't come to me and complain of highway robberies in El Paso County, don't come to the court and complain of such highway robberies, don't complain to us but lay the blame where it would belong, at your own doors. Highway robberies should be stopped. The only way to stop them is for you jurors to do your duty.''

Objection is urged because it is claimed the language used was highly inflammatory, and because there was no evidence that there had been other holdups in El Paso County. We have been unable to discover anything objectionable in the argument. There is no intimation that there had been other robberies in El Paso; neither do we believe it subject to the criticism of being inflammatory. The district attorney, as he had a right to do, was calling attention of the jury to the fact that at last they were responsible for the enforcement of the law.

Finding no error in the record which would justify a reversal, the judgment is ordered affirmed.

*Affirmed.*

ON REHEARING.

October 17, 1923.

LATTIMORE, JUDGE.—In their motion for rehearing appellants stress what they claim to be error in the admission of hearsay testimony of State witness Burns. Mr. Burns was permitted to state that after the alleged robbery he went to the scene thereof and gathered information that a twenty-dollar gold piece had been taken from one of the victims of said alleged robbery; also that later that night he found in the possession of the clerk of the hotel at which one of the appellants stayed, a twenty dollar gold piece. Said clerk as a witness for the State testified that on the night in question he gave appellant Caskey change for a twenty dollar gold piece at said hotel. Appellants' position is that as the result of the admission of what he terms the hearsay testimony of Burns relative to obtaining information about the taking of a twenty dollar gold piece, the State has placed in the record the damaging fact that a twenty dollar gold piece was taken as part of the proceeds of the robbery. If this position was supported by the testimony we would be inclined to hold appellants' contention that they were hurt by the admission of said testimony, to be sound. Reverting to the statement of facts, however, we find in the testimony of Mr. Thrift, one of the parties who was alleged to have been robbed, the following statement which seems in evidence without objection:

"I don't know how much money Curly had on him that night after he gave me this $2200.00. I don't know how much he said they got from him, I think it totaled thirty-five or forty dollars, I believe there was a twenty dollar gold piece."

In the testimony of Lon Saunders, a witness for the State, appears the following, which also seems to have been introduced without objection:

"I didn't see anything that occurred in the hallway. I next saw Alec and Curly when they came on upstairs. Curly didn't say how much money they took from him, he pulled a roll out of his pocket and said 'They didn't take this.' He said they only got a few dollars. He said they got a twenty dollar gold piece from him."

Curly was the nickname of Mr. Wilmerling who was the other party alleged to have been robbed.

From what we have just quoted it is plain that the testimony of Mr. Burns so bitterly complained of by appellants in their motion for rehearing, did not inject into the case the proposition that Curly Wilmerling lost a twenty-dollar gold piece on the night in question in said robbery. This being true, we deem what was said by Mr. Justice Hawkins in the original opinion to the effect that the admission of this testimony was not such error as would call for a reversal, to be correct. The fact that Mr. Burns found in the possession of the clerk of the St. Regis hotel on that night a twenty dollar gold piece, would not be hearsay or open to objection.

Appellants again insist that the argument of the district attorney was of such character as to call for a reversal. We regret we can not agree to this contention. Said argument was no more than a general appeal to the jury to stop crime by rendering verdict, to uphold the law. This matter is sufficiently discussed in our original opinion.

The motion for rehearing will be overruled.

*Overruled.*