ROBERT LEE v. THE STATE.

No. 18466. Delivered October 28, 1936.

The opinion states the case.

*J. R. Anderson,* of Center, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of robbery, and his punishment was assessed at confinement in the state penitentiary for a term of five years.

The testimony adduced by the State was that on or about the 30th day of May, 1935, a negro boy by the name of Fred Garrett was robbed by appellant and his companion; that one of the men held a pistol on him with one hand and took three dollars out of the watch pocket of his trousers with the other.

Appellant's testimony is to the effect that he and Wiley Green were in the town of San Augustine; that they left town about eleven p. m. and after having driven a short distance out of town, they overtook a negro boy by the name of Fred Garrett, of whom they inquired where he was going; that upon being told that he was going home, they offered him a ride in their car; that as the negro approached the car for the purpose of entering it, appellant decided to have some fun at the expense of this young negro; that he extended his hand through the window of the car, pointed his finger at the negro, asked him to put up his hands and give him something; that the negro threw five pennies into the car and fled, going towards town as fast as he could go. Appellant called to him to wait in order that he might return the five pennies to him, but the

negro kept on running. Appellant denied that he had a pistol or took any money out of the negro's watch pocket. When appellant and Green were arrested neither of them had a pistol on their person or in their car.

Appellant's main contention is that the court failed in his charge to the jury to instruct them on his affirmative defense. An examination of the court's charge leads us to the conclusion that appellant's position is well taken. The testimony raised the issue of a practical joke with no intent to take any money from the negro boy and this issue should have been submitted to the jury in an affirmative manner. The failure of the court to do so was error. See Barnes v. State, 272 S. W., 188; Caskey v. State, 254 S. W., 996; Barton v. State, 227 S. W., 317. A defendant in a criminal case is entitled to an affirmative instruction on the defensive issues raised, whether raised by the testimony of the State or that of the defendant. See Jones v. State, 86 Texas Crim. Rep., 371; Caldwell v. State, 118 Texas Crim. Rep., 401. The failure on the part of the court to instruct the jury on said theory might have led the jury to the conclusion that although appellant made no assault with a pistol and was merely playing a practical joke, yet if by reason thereof the negro became frightened and threw the five pennies in the car, appellant would be guilty of robbery whatever his intent may have been.

Appellant also objected to the prosecuting attorney's closing argument in which he referred to the criminal career of Clyde Barrow and compared appellant's acts and conduct with that of Barrow and his criminal career. There is nothing in this record to show that Clyde Barrow had any connection with the offense for which appellant was on trial and his criminal career should not be used as a vehicle upon which to convey the appellant to the penitentiary. Appellant is responsible only for his own acts and conduct and those with whom he is acting in the commission of the alleged offense, but not for the acts and conduct of some other party who had no connection with the offense charged.

For the error herein above pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.