JOHN MINICA v. THE STATE.

No. 18608.   Delivered December 16, 1936.

The opinion states the case.

*G. A. Walters,* of San Saba, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for robbery, punishment assessed being five years' confinement in the penitentiary. The conviction was had under the count in the indictment which charged the robbery of Allen Hillhouse.

On account of the peculiar circumstances relied upon by the State we deem it not inappropriate to make a somewhat extended statement of the facts. On the night of June 22, 1935, a dance was given by Clyde Massey, whose house was situated in the country in San Saba County. Allen Hillhouse and his brother Clarence were the musicians for the dance. They lived in Brownwood and were relatives of Massey. They had been brought to the scene of the dance by Luther Wilder. Wesley Hillhouse, a brother of the two already mentioned, seemed to have been "bookkeeper" and the money collected from the dancers was turned over to him. Appellant and many others were in attendance at the dance. Upon invitation of Wesley appellant seems to have been made floor manager. The musicians were to be paid for their services by contributions received from those who were dancing, and by custom their services were supposed to end at midnight. About that time a

question arose as to whether they would play longer. They agreed to do so if it was approved by the owner of the house and another contribution for their further playing was made. Massey agreed that the dance might continue under condition that those present would be quiet and not create any. disturbance. When the second contribution was made it appears that Wesley took up the collection in the house and appellant received the contribution from those who were on the outside of the house. To our minds the amount of the contribution becomes one of the pivotal issues in the case. The Hillhouse boys contended that only sixty-five cents was collected, Wesley claiming he collected thirty cents in the house and appellant collected thirty-five cents which he turned over to Wesley. On the other hand, it was the contention of appellant that Wesley collected sixty-five cents in the house and that he (appellant) collected $1.10 on the outside, making a total of $1.75, and that the $1.10 which appellant collected was by him turned over to Wesley. Shortly after this second collection was made one of the boys at the dance became boisterous and Massey terminated the dance. It was appellant's contention that the parties who had made the contribution were demanding their money back and were holding him responsible for the return of it. At the time the dance was discontinued Massey and the two Hillhouse boys who were furnishing the music left the house, apparently for the purpose of keeping down any trouble that they anticipated might arise. While they were away appellant went into a room adjoining that which had been used for dancing and took out of a trunk a fiddle which presumably had been left there by one of the musicians. State's witnesses claim appellant broke some of the strings off the fiddle. It was his contention that the strings were broken as he took the instrument from the trunk by reason of the strings catching on the tray of the trunk. Mrs. Massey became excited and fainted. Appellant carried the fiddle out of the house and it was tied to a saddle on a horse and the horse driven away. The horse, saddle and fiddle turned up some distance away and the next morning the fiddle was returned to its owner. Massey and the two Hillhouse boys who had furnished the music returned to the house after which appellant and other parties also returned, and, according to the testimony of the State, appellant demanded the return to him of the $1.75, the State claiming that appellant was armed with a pistol which he used at the time of making the demand. Allen Hillhouse advised appellant that they did not have the money, but had turned it over to

Wilder who had taken it with him to a neighbor's about a mile distant where Wilder was spending the night. The Hillhouse boys claimed that appellant demanded that they go with him and get the money, asserting that he was still armed with a pistol which he carried in his hand from Massey's house to the house where Wilder was, and that appellant kept the pistol in his hand until he secured the $1.75 which Allen Hillhouse said he turned over to appellant by reason of the fact that he had the pistol drawn on him at the time. It was appellant's contention that he at no time had a pistol, and that Hillhouse went with appellant willingly to where Wilder was and voluntarily turned over to appellant the $1.75 in order that appellant might return it to those who made the contribution. The Hillhouse boys, State's witnesses, admitted that they did not feel that the last contribution belonged to them as they had not furnished music after the contribution was made, and that it was their intention to return it to the parties who had contributed, and were prevented from doing so only by reason of the dance breaking up as it did. One State's witness testified that after the dance broke up he told appellant that he wanted his twenty-five cents back that he had contributed and that appellant himself paid that to him before the $1.75 was recovered. At the time appellant took the $1.75 one of the boys present claimed to have contributed a dime and appellant in the presence of all of the Hillhouse boys and Wilder returned the dime to said contributor. The next morning and before any prosecution had commenced or had been suggested so far as this record shows, appellant paid to other parties who had contributed the amounts so contributed by them. In addition to what has been stated heretofore, the evidence further shows that when the parties arrived at the house where Wilder was spending the night they went in the house and asked him where the money was and he told them it was on a table tied up in a handkerchief. Wilder had a flashlight and by its use they got the handkerchief which contained some six or seven dollars. The $1.75 was counted out and delivered to appellant. Appellant made no effort or demand for any sum in excess of the $1.75. Wilder, the man who had brought the musicians to the scene of the dance, and who was the friend to whom the money had been entrusted, testified that he could see the parties clearly by the use of the flashlight and that neither appellant nor any of the parties with him at the time had a pistol, and that nobody present appeared to be frightened or apprehensive of receiving injury at the hands of anybody else.

The only defensive issue submitted was based upon the proposition that the jury must find, or entertain a reasonable doubt, that the money had been returned to appellant willingly and voluntarily by Allen Hillhouse. The court took no note of the fact that a close issue had been drawn with reference to the amount of the contribution and left the jury without information as to what their action should be in the event they should find that only sixty-five cents had been contributed, whereas $1.75 had been taken. Appellant excepted to the court's charge, calling attention to the issue as to the amount of the contribution, and pointing out to the court that appellant was entitled to a charge substantially to the effect that if he honestly believed that the sum of $1.75 was the amount contributed that appellant would not be guilty of robbery although the jury should find that there was in fact a less sum than that contributed and delivered to the musicians.

We are exceedingly doubtful whether under the record as a whole this conviction should be permitted to stand. But waiving that, we are quite certain that the instruction suggested in appellant's objection to the court's charge should have been given. We are inclined to the view that the principle announced in Barton v. State, 88 Texas Crim. Rep., 368, 227 S. W., 317, is applicable here. It is not necessary to extend this opinion by repetition of the facts in Barton's case, but the following statement of the law is found in that opinion:

"The animo furandi is an element of robbery as it is of theft, and both in theft and robbery the taking of goods upon a bona fide claim of right may negative any intent to steal. * * * This principle has been applied to the forcible retaking of specific property in this and other jurisdictions."

Supporting such announcement the cases of Wolf v. State, 14 Tex. App., 210; Temple v. State, 86 Texas Crim. Rep., 219, 215 S. W., 965; Glenn v. State, 49 Texas Crim. Rep., 349; Young v. State, 34 Texas Crim. Rep., 290, and Cole v. State, 104 Texas Crim. Rep., 533, 286 S. W., 204, are cited. In the Glenn case (supra) it appears that accused charged a man by the name of Anderson with having stolen $1.25 and forcibly repossessed it. Anderson had $3.00 in his pocket in addition to the $1.25, but Glenn only took what he claimed Anderson had improperly gotten. This significant statement is found in the opinion:

"If it had been robbery, and the assault and violence was for the purpose of fraudulently taking the property not his

own, he evidently would have taken the remaining three dollars Anderson had on his person at the time."

There was an effort at concealment on the part of appellant and those with him. Everything that was done seems to have been ·done openly, and even if appellant took the $1.75 forcibly if that was the amount of money he thought had been contributed to pay the musicians and the dance broke up without them having furnished the music expected, and it was taken with the intent on his part to return it to .those having made the contribution fraudulent intent would appear lacking. That he had already returned twenty-five cents to one contributor, for which he had a right to reimburse himself, and that he had repaid ten cents to one of the contributors immediately upon taking the $1.75, and the next day repaid a number of other parties, seems to be undisputed in the record. Appellant admitted that he had some ten or twenty cents of the $1.75 and had not returned it to the contributors because he did not know who they were, but disclaimed that such amount so retained belonged to him.

Believing that the jury should have been instructed what the legal effect was if appellant had taken more than the jury might find was actually contributed, but only such amount as appellant honestly believed had been contributed, and further entertaining serious doubt that the case upon the whole facts presents one of robbery, the judgment is reversed and the cause remanded.

*Reversed and remanded.*