## FRED ISOM v. THE STATE.

No. 20581. Delivered October 11, 1939.

The opinion states the case.

*Hagans & Hagans,* of Denison, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is robbery. The punishment assessed is confinement in the State penitentiary for a term of five years.

Appellant's main contention is that the evidence is insufficient to sustain his conviction. After carefully reviewing the testimony, as the same appears in the record, we have reached the conclusion that his contention is without merit.

G. R. Signer, the injured party, testified that on December 24, 1938, while in the town of Denison he met Rosa Lee Morgan at the Ever-Eat Cafe, and after conversing with her for a short time, they took a taxicab and drove to appellant's home, where Rosa Lee was staying at the time. Signer instructed the taxicab to return for him at the expiration of an hour, whereupon they went into the house. Sometime later the appellant arrived and built a fire. He then offered Signer a drink which was accepted. Shortly thereafter Clyde Taylor came into the house and commanded Signer to give him his money. Signer ran and attempted to get away, and while in the act of doing so, heard someone shout "Get him." Taylor caught up with him and a scuffle ensued, Taylor threatening to kill him if he did not part with his money. Signer testified that being in fear of his life, he gave Taylor $15. During the fight, the taxicab arrived and Signer entered the same and went back to town, where he promptly reported the matter to the police. Appellant and Rosa Lee Morgan were arrested at the Ever-Eat Cafe a short time later. Rosa Lee testified to substantially the same facts. She further stated that she had told appellant that Signer had shown her a $20 bill and that he stated to her that if she could get Signer to the house, they would later come and rob him. That after the robbery occurred, the money was divided between appellant and Taylor. Taylor's testimony was similar, except that he denied getting any money from Signer's person. Appellant denied the understanding among the three to rob Signer, denied that Taylor had accompanied him home in a taxi or that he even knew Taylor at the time. He stated that someone came into the house with something over his face and commanded them to "stick 'em up," and that when Signer ran this man pursued him. He testified that he reported the matter to the police himself, but in this he was contradicted by the officers, who stated that they saw him drive up to the cafe in a taxi with Rosa Lee, where they arrested both of them. The taxi driver who came back after Signer testified that he saw two men struggling on the ground and that one of them ran his hand into the pocket of the other and pulled something out.

The most significant indication of an agreement to rob Signer is that Taylor knew where Rosa Lee and Signer had gone and the address of appellant's home, notwithstanding that he was a stranger to appellant according to appellant's own testimony. We do not think the State's case depends entirely upon the testimony of the accomplices, Rosa Lee and Taylor. The State made a case of robbery by the testimony of Signer, the assaulted party, and the taxi driver. Appellant's connection with the offense was shown by the testimony of the accomplices and other circumstances which corroborated them. We believe the evidence is sufficient to sustain the jury's conclusion of appellant's guilt.

Appellant has five bills of exceptions in the record. By his first bill he complains of the court's action in declining to instruct the jury to return a verdict of not guilty. By the second bill he complains because the court declined to instruct the jury that the acts of aid or encouraging words or gestures referred to in the charge must have been spoken or performed at the time of the commission of the offense. By a third bill he complains of the court's action in overruling his motion for a new trial on the ground that there was no legal corroboration of the testimony of the accomplices. By the fourth bill he complains of the following remark by the district attorney in his argument to the jury: "At least sirs when you consider the character of the State's witnesses, they are not Pimps tho Rosa Lee Morgan admits she is a prostitute."

By the fifth bill he complains of the following instruction by the court to the jury: "You are further instructed that any person who advises or agrees to the commission of an offense, and who is present when the same is committed is a principal whether he aid or not in the illegal act."

We have set forth the complaints contained in the bills without a separate discussion of each. We see no merit in any of them and it would serve no useful purpose to discuss them at length.

No error of a reversible nature appearing in the record, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.