Larry Michael MAYFIELD, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–84–0100–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 2, 1985.

Jane Wynegar, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Eleanor M. McCarthy and Jim Peacock, Harris County Asst. Dist. Attys., Houston, for appellee.

Before BASS, JACK SMITH and LEVY, JJ.

OPINION

BASS, Justice.

A jury convicted appellant of robbery and assessed his punishment at 20 years confinement. We reverse and remand for a new trial.

In his second ground of error, appellant alleges that the evidence is insufficient to support his conviction. The complainant testified that she and her brother were in a parking lot in Houston on May 20, 1983, waiting for the complainant's husband to come out of a club next door. Appellant and another man walked past them, then returned and asked them for money. The complainant, in Vietnamese, told her brother to pretend he did not understand English and to slowly walk away. Appellant's companion told the complainant to shut up, and asked her if she wanted to get killed. Appellant's companion grabbed the complainant's purse, pushed her, and ran down the street. Appellant held the complainant's brother for a moment, and then he, too, ran down the street, with the complainant's brother chasing them. The complainant had Vietnamese currency in her purse.

The complainant's brother testified that appellant's companion got into a car, started it, began to drive away, and then yelled to appellant to hurry. Appellant got into the car, and they sped away. The complainant's brother flagged down a passing police car and reported the robbery.

Can Duc Nguyen testified that he was driving home on the night in question when his car was hit in the rear. The other car kept driving for several blocks and Nguyen followed it, honking his horn. When it stalled, appellant and another man got out. The driver of the other car yelled to appellant to run as he ran from the scene. Appellant did not run, but approached Nguyen's car, denying responsibility for the accident. Nguyen asked him to wait while he called the police. A police car arrived almost immediately, and while Nguyen was talking to the police, appellant began walking in the direction the driver had run.

The arresting officer testified that he saw appellant walking away and stopped him to ask if the stalled car belonged to him. Appellant said that it did, and gave the name Larry Darnell. Appellant testified that his name on his birth certificate is Larry Darnell Mayfield. The police arrested appellant for suspicion of robbery. In an inventory search of the car, they found Vietnamese currency.

Appellant testified that, on the night in question, he saw a man he knew only as Anthony standing on the side of the road. Anthony appeared to be intoxicated, and appellant offered him a ride. Anthony told appellant to pull into a parking lot so that he could give him some money for gasoline. Appellant parked his car, leaving the keys in the ignition, while they walked to an oriental club, where Anthony said he would get the money. As they approached the club, they saw the complainant and her brother standing in the parking lot next to the club. Appellant asked the complainant's brother for a light, but he received no response. As appellant turned to walk away, he saw Anthony grab the complainant's purse and run back towards the car. Appellant testified that he did not know that Anthony was going to rob the complainant, and he stood watching Anthony run away, shocked by his actions. The complainant's brother pushed appellant aside to run after Anthony, and appellant followed him. Appellant specifically denied that he intentionally hindered the complainant's brother in any way and stated that when he caught up with the complainant's brother, he told him that he had nothing to do with the robbery. Anthony got into appellant's car and yelled for him to get in. Appellant said he hesitated for a moment, but then got in, and Anthony drove away. He said he told Anthony to return the purse, but Anthony ignored him and drove on.

Several blocks away, Anthony ran into another car, and when the appellant's car overheated, Anthony got out and ran. Appellant walked in the same direction to see where Anthony was going, and Anthony yelled to him, asking him if he was coming along. Appellant said no, and Anthony ran away. The driver of the other car asked appellant to stay there while he called the police. While he was gone, appellant saw a passing police car and flagged it down. He said he tried to give the police his full

name, but the officer stopped him before he said his last name.

Appellant argues that the evidence is insufficient to connect him with the robbery, because the evidence conclusively establishes that his only involvement in the robbery was in accidentally "blocking" the complainant's brother from chasing Anthony. Appellant emphasizes that he did not speak to his companion during the robbery, and that his only connection with the robbery was his presence at the scene. However, the complainant and her brother testified that appellant purposely held the complainant's brother to keep him from chasing the other man.

 In applying the law of parties, under which the jury in the instant case was charged, a person is criminally responsible for an offense committed by another if:

acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

Tex. Penal Code Ann. sec. 7.02(a)(2) (Vernon 1974). While mere presence of an accused at the scene of an offense is not sufficient in itself to support a conviction, it is a circumstance tending to prove guilt which, combined with other facts, may suffice to show the accused was a participant. *Harris v. State*, 645 S.W.2d 447 (Tex.Crim. App.1983). In order to be convicted of robbery as a party to the offense, the acts of aid or encouragement need not be spoken or performed during the commission of the offense itself, and the circumstances surrounding the offense may be considered. *Isom v. State*, 137 Tex.Crim. 430, 132 S.W.2d 121 (1939).

 There is evidence in the instant case which shows that appellant was not a passive bystander; the complainant testified that he actively prevented her brother from interfering with the robbery or chasing his companion, and that he fled the scene of the robbery with his companion. This evidence, if believed by the jury, was sufficient to support the jury finding of guilt.

The jury was entitled to believe or to disbelieve appellant's testimony. Appellant's second ground of error is overruled.

In his first ground of error, appellant argues that the trial court erred in refusing to charge the jury on the law of common design and independent impulse. Appellant's written requested charge reads as follows:

If you believe from the evidence beyond a reasonable doubt that on or about May 28, 1983, an unknown black male in the course of committing theft of property owned by T_____ N_____ T_____, and with intent to obtain and maintain control of the property, intentionally & knowingly threatened and placed the complainant in fear of imminent bodily injury and death and if you further believe from the evidence beyond a reasonable doubt that on or about May 28, 1983, the Defendant Larry Michael Mayfield, as a party, knew of the unknown black male's unlawful intent and agreed to or aided or encouraged him in the commission of the offense and that the actions of the unknown black male were not of his own independent impulse, then you will find the defendant guilty of robbery.

Unless you so find beyond a reasonable doubt or if you have a reasonable doubt thereof you will acquit the defendant of robbery.

You are further instructed that if you believe that the defendant was not acting together with the unknown black male in robbing the complainant, or that the defendant had not previously entered into an agreement with the unknown black male to rob the complainant, or if you have a reasonable doubt thereof, you will acquit the defendant.

If there was no such common design and intent by the unknown black male and the defendant to commit the offense, or, if the offense was committed by the unknown black male acting independently of the defendant in so doing and without participation by him in the design and intent to commit it, then the defendant is

not guilty and if you have a reasonable doubt as to this issue, you must give the defendant the benefit of the doubt and acquit him.

The trial court denied appellant's request, charging the jury on the law of parties as, follows:

All persons are parties to an offense who are guilty of acting together in the commission of an offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

Mere presence where an offense is committed does not constitute one a party to the offense.

The trial court applied the law to the facts in the following manner in the jury charge:

Now, if you find from the evidence beyond a reasonable doubt that in Harris County, Texas, on or about May 28th, 1983, LARRY MICHAEL MAYFIELD, hereafter styled the Defendant, acting with intent to promote or assist an unknown black male to commit the below described offense, if any was committed, did act with intent to encourage, direct, aid, or attempt to aid the unknown black male when the unknown black male did then and there unlawfully while in the course of committing theft of property owned by T_____ N_____ T_____, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury or death, then you will find the Defendant guilty.

If you do not so believe, or if you have a reasonable doubt thereof, you will find the Defendant not guilty.

■ Independent impulse is a defensive issue that must be supported in the evidence in order to entitle the accused to a charge on the issue. *Curtis v. State*, 573 S.W.2d 219 (Tex.Crim.App.1978); *Perez v. State*, 629 S.W.2d 834 (Tex.App.—Austin 1982, no pet.). The defendant's testimony may raise the issue, even if the testimony is self-serving and contradicted by other evidence. *LeDuc v. State*, 593 S.W.2d 678 (Tex.Crim.App.1979).

*Simmons v. State*, 594 S.W.2d 760 (Tex. Crim.App.1980), involved two defendants charged with capital murder committed during the course of a robbery. One of the defendants was charged under the theory of conspiracy, which is outlined in Tex. Penal Code Ann. Sec. 7.02(b) (Vernon 1974), and he requested a jury charge on the issue of whether his partner's murder of their robbery victim was in furtherance of the robbery, or was committed on the independent impulse of his partner, without his consent. The court refused this charge, but it charged the jury to acquit both defendants of capital murder if it found that one defendant killed the victim, but not in furtherance of the robbery planned by both. The appellate court held that the charge adequately submitted the defensive issue of independent impulse. In the case at bar, no part of the charge given instructed the jury to acquit if it found that appellant's companion had acted on an independent impulse and not in furtherance of a common design in committing the robbery.

In *LeDuc v. State*, 593 S.W.2d 678 (Tex. Crim.App.1979), the trial court refused a requested charge on the theory of independent impulse and common design where one defendant was charged as a party under Texas Penal Code Ann. Sec. 7.02(a)(2) (Vernon 1974) with a murder committed by her companion. The charge actually given instructed the jury to acquit if it found that the defendant did not agree to or help in the commission of the murder. The appellate court held that the charge given was substantially the same as the one requested, and affirmed the conviction. In the case at bar, no part of the charge given

was substantially the same as that requested by appellant on the issue of independent impulse.

*Skidmore v. State*, 530 S.W.2d 316 (Tex. Crim.App.1975), involved a defendant who was charged as a party under section 7.02(b) with murder committed during the course of a robbery. The trial court refused a requested charge on the theory of independent impulse. However, it did charge the jury to acquit the defendant if it found that his companion killed the victim in a fit of rage, and not in furtherance of the robbery planned by both. The appellate court held that the charge adequately submitted the defensive issue of independent impulse. Again, nothing in the charge given in the case at bar affirmatively stated the defensive issue, as requested by appellant.

We are aware of no cases holding that a trial court's refusal to charge the jury on the defensive issue of independent impulse is reversible error. In each case we have examined, either the evidence failed to raise the issue, or the trial court submitted a jury charge which was sufficient to present the defendant's theory and to protect his rights. However, in the instant case, the evidence raised the issue and the charge given did not affirmatively submit the defensive issue of independent impulse.

A defendant is entitled to submission of every defensive issue raised by the evidence, despite the relative weakness of the evidence supporting it. *Hobson v. State*, 644 S.W.2d 473 (Tex.Crim.App.1983). If a charge stating a defensive theory in the affirmative is requested in a robbery case, the court's refusal to so instruct the jury is reversible error. *Minica v. State*, 131 Tex.Crim. 416, 99 S.W.2d 934 (1936); *Lee v. State*, 131 Tex.Crim. 230, 97 S.W.2d 697 (1936). A similar charge that fails to submit the defensive theory in the affirmative will not adequately protect the defendant's rights. *Hill v. State*, 585 S.W.2d 713 (Tex.Crim.App.1979); *Slaton v. State*, 685 S.W.2d 773 (Tex.App.—Houston [1st Dist.] 1985, no pet.).

We hold that the trial court erred in refusing to affirmatively charge the jury on the defensive issue of independent impulse. Appellant's first ground of error is sustained.

The judgment of the trial court is reversed, and the case is remanded for a new trial.

Publish. Tex.R.Crim.App.P. 207.

JACK SMITH, Justice, dissenting.

I respectfully dissent. When the court charged the jury on the law of parties, this was sufficient for the jury to determine whether the appellant was a party to the offense. The law of parties, when applied to the instant factual situation, afforded the jury an opportunity to decide whether the appellant was a party or whether his co-actor had acted on a sudden impulse, and appellant was merely a victim of circumstances which he could not control. Any error in refusing the requested charge was not so harmful as to have denied appellant a fair and impartial trial. *See Almanza v. State*, 686 S.W.2d 157 (Tex.Crim. App.1985).

I would hold that the trial court did not err in refusing the requested instruction, and uphold the conviction.