## ARCHIE GLENN v. THE STATE.

### No. 3572. Decided February 14, 1906.

**1.—Robbery—Fraudulent Intent—Statutes Construed—Ownership of Property.**

Under article 856, Penal Code, the essential elements of robbery consist of force or violence, fraudulent intent to appropriate the property taken from the party assaulted, and that the property taken must belong to one other than the taker, and if the taker at the time believed the thing taken was his own the offense would not be robbery.

**2.—Same—Case Stated—Insufficiency of Evidence.**

In a prosecution for robbery where the evidence showed that the prosecutor and defendant slept in the same room, and that defendant upon arising found that $1.25 had been taken from his clothes during the night, and immediately accused his companion of having stolen it, the latter denying it, whereupon an altercation ensued between them during which defendant picked up a hammer and threatened to strike his companion unless his money was returned, whereupon his companion handed him that amount, the evidence is insufficient to sustain a conviction for robbery.

Appeal from the District Court of Orange. Tried below before Hon. W. B. Powell.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of robbery. Briefly stated the facts are that appellant and the alleged injured party, Anderson, for some length of time had been occupying the same room

and sleeping in the same bed. The night preceding the robbery, which occurred early in the morning, they slept together as usual, nobody being in the room except themselves. Appellant upon arising found that $1.25 had been taken from his coat, or jumper pocket, and immediately accused Anderson of having stolen it. Anderson denied it. Appellant insisted that he had taken it, as no one else had the opportunity, and that he had seen him take it out of his pocket, or at least had seen him with his hand in his pocket. This brought on a discussion between them. Finally, after having charged him with it some three to five times, and his denying it each time, appellant struck Anderson, and Anderson says appellant tried to put his hands into his pockets. Anderson denied getting the money, and finally appellant picked up a hammer lying on the floor and threatened to strike him with it unless his money was returned. Whereupon, Anderson gave him five 25 cent pieces. This was the amount and kind of money appellant claimed Anderson took. Anderson says that appellant claimed his money was one silver dollar and a 25 cent piece. Appellant testified that the money taken was five 25 cent pieces. Anderson admits having two or three dollars in his pocket in addition to that he gave appellant. Appellant was aware of the fact that he had this money in his pocket. Appellant states Anderson had three silver dollars in his pocket at the time he paid him the $1.25. Pete Rogers and Sam Blackshear were witnesses to most that occurred, and testified, especially Rogers, in detail as to the difficulty, and the transfer of the $1.25 from Anderson to appellant, and the accusation that appellant brought against Anderson, and the fact that immediately after this was accomplished each of them went to their respective day's work. In order to constitute the offense of robbery, in addition to the force or violence that may be used to cause the transfer of the money to the assaulting party, there must be the further question of fraudulent intent, and the appropriation of the money or property taken from the assaulted party. This enters essentially and necessarily as an element into the crime of robbery. Article 856, Penal Code, provides: "If any person by assault or violence or by putting in fear of life or bodily injury shall fraudulently take from the person or possession of another any property, with intent to appropriate the same to his own use, he shall be punished," etc. It would seem from the very definition of robbery, under our statute, that the fraudulent intent to appropriate the property is an essential element. It would further follow that in order to constitute robbery, the thing taken must belong to another than the taker, and it would further follow that if the property, though taken from another forcibly, was the property of the taker it is not robbery, although the acts may constitute some other offense, if the taker at the time believed the thing taken was his own. This we understand is a rule sanctioned by the courts of England and America. It is the rule in Texas. Higgins v. State, 19 S. W. Rep., 503; Barnes v. State, 9 Texas Crim. App., 128; Smedly v. State, 30 Texas. 214; see also Reg. v. Boden, 1 C. & K., 395; Rex v. Hall, 3 C. & P., 409; Brown v. State, 28 Ark., 126;

People v. Vice, 21 Cal., 344; Long v. State, 12 Ga., 293; State v. Hollyway, 41 Iowa, 200; Driscoll v. People, 47 Mich, 413; McDaniel v. State, 8 Smed. & M. (Miss.), 401; State v. Carroll, 160 Mo., 368; People v. Hall, 6 Park. Crim. (N. Y.), 642; State v. Carman (Tappin), Ohio, 97; People v. Hughes, 11 Utah, 100; 2 Russell on Crimes, 9 Amer. Ed. 105; Roscoe Crim. Ev., 8th ed., 934. The evidence, tested by these authorities, does not, in our judgment, sufficiently make out a case. That appellant believed his property had been taken cannot be gainsaid if the witnesses tell the truth. He was rather violent in his assertions and claims in regard to the matter immediately upon discovering the fact that his money was gone. This is testified by the State's witnesses and assaulted party, Anderson. It is testified to by Rogers, also a State's witness, as well as Blackshear, and defendant himself testified to the same facts. It is true Anderson denied getting the money. But all of the facts and the manner of the transaction strongly rebut any fraudulent intent, and this is apparent not only by the publicity and manner and circumstances attending the transaction, but cogently so by reason of the fact that Anderson had other money at the time appellant made him turn over the $1.25. If it had been robbery, and the assault and violence was for the purpose of fraudulently taking the property not his own, he evidently would have taken the remaining three dollars Anderson had on his person at the time. These matters cogently urge the conclusion that appellant believed Anderson had his money at the time. It may have also entered into the case to some extent that Anderson was afraid of a prosecution by appellant for having stolen his money. Testimony is in the record that he asked appellant if he was going to prosecute him for the theft immediately upon turning over the money. But appellant assured him that he would not; that his money was all he wanted. However, the facts in our judgment are of that character which do not lead to the conclusion that this is a case of robbery. We are not willing that this conviction should stand as a precedent. The evidence is not of that cogency as would authorize the incarceration of appellant in the penitentiary for a term of years. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*