STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JAMES McDONALD, PLAINTIFF IN ERROR.

Submitted July 6, 1916—Decided November 13, 1916.

1. To constitute robbery there must be actual violence, or such a demonstration or threats as will create reasonable apprehension of bodily injury if the victim resists.
2. A conviction in a criminal case will not be reversed for error in an instruction which could not have prejudiced the defendant.
3. One indicted for a crime may be convicted of any offence of a lower degree, provided such lower offence is necessarily included in the higher one charged in the indictment.
4. Robbery is larceny with the element of force or fear entering into it.
5. Larceny is a necessary ingredient of the crime of robbery, and a conviction of the former crime may be had under an indictment for the latter.

_____

On error to the Hudson Quarter Sessions Court.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and BLACK.

For the plaintiff in error, *George E. Cutley.*

For the defendant in error, *Robert S. Hudspeth,* prosecutor of the pleas, and *George T. Vickers,* assistant prosecutor of the pleas.

The opinion of the court was delivered by

TRENCHARD, J. The defendant was indicted for and convicted of robbery, and this review is both by strict writ of error and under section 136 of the Criminal Procedure act.

We think the judgment must be affirmed.

It is contended that there was error in the charge of the court. We think not.

The trial judge charged that—

"To constitute robbery there must be actual violence, or such a demonstration or threats as will create reasonable apprehension of bodily injury if the victim resists."

That was correct. *State* v. *Donahue,* 59 *Atl. Rep.* 12.

He further charged in effect that if the evidence of violence or putting in fear was insufficient to establish the existence of those essential elements of robbery, there might be a conviction of larceny if the evidence established the essential elements of the latter crime as defined by the court.

The defendant argues that such charge was erroneous and should lead to a reversal because, he contends, that under the indictment for robbery, there could be no conviction for larceny.

But there are two complete answers to that contention.

*First.* The jury having found the defendant guilty of robbery, it is manifest that the instruction, even if erroneous, could not have prejudiced the defendant, and hence would not justify a reversal.

*Secondly.* The instruction was right.

One indicted for a crime may be convicted of any offence of a lower degree, provided such lower offence is necessarily included in the higher one charged in the indictment. *State* v. *Jackson,* 65 *N. J. L.* 105; *State* v. *Johnson,* 30 *Id.* 185.

In the Jackson case the defendant was convicted of assault and battery under an indictment for carnal abuse, and the conviction was sustained.

In the Johnson case the defendant was convicted of an assault under an indictment for rape, and the conviction was sustained, the Chief Justice, in the opinion, remarking in passing that "upon an indictment for burglariously steal-

ing, the prisoner may be convicted of the theft, and acquitted of the nocturnal entry."

In those cases (Jackson and Johnson) assault was the ingredient offence.

Coming now to the present case, robbery is larceny with the element of force or fear entering into it—that is, robbery is larceny plus.

Larceny is, therefore, a necessary ingredient of the crime of robbery, and a conviction of the former crime may be had under an indictment for the latter.

The conviction in the present case is therefore supported by the indictment.

We have examined all other points made by the defendant both with respect to the charge of the court and refusal to charge, and find no merit in them.

The judgment below will be affirmed.