THE STATE, DEFENDANT IN ERROR, v. JAMES McDONALD, PLAINTIFF IN ERROR.

Argued July·2, 1917—Decided March 4, 1918.

1. An incidental instruction in the course of comment on the evidence in a criminal case, that if the jury were persuaded of the truth of the defendant's story they should acquit him, is not to be construed as necessarily imposing on defendant the burden of proof of innocence, or as inconsistent with correct instructions on burden of proof and reasonable doubt elsewhere in the charge.
2. Under the law of this state an indictment for robbery at common law will support a conviction of larceny.

On error to the Supreme Court, whose opinion is reported in 89 *N. J. L.* 421.

For the plaintiff in error, *John Milton* and *Robert H. Mc-Carter.*

For the state, *John F. Drewen, Jr.*

The opinion of the court was delivered by

PARKER, J.   We concur in the conclusions and reasoning of the Supreme Court, and it would be unnecessary to add anything in affirming the judgment except for a point not specially mentioned in the opinion below, viz., the language of the trial court in instructing the jury on the subject of defendant's presence at the scene of the crime, and the refusal to charge a request bearing on that subject.

The case was of the "green goods" type and the State's evidence tended to show several prior communications and meetings between the complaining witness and his companion, and the defendant, culminating in an assault and robbery from the person. The defendant denied that he ever saw or spoke to the complainants until after his arrest, when he was confronted with them in a magistrate's court—a denial which

of course covered a claim of absence from the scene of the robbery.

The court was asked to charge: "If the identification of the defendant by Smith and Bokin is inconclusive and leaves your mind in a state of doubt as to his participation, you must find for the defendant."

This was refused, and properly so, as it called for evidence that was conclusive against defendant, to the exclusion not merely of reasonable doubt but of any doubt whatever.

The court charged adequately on the subject of reasonable doubt, but in discussing the defendant's argumentative claim that he had never even seen the complaining witnesses, said:

"You will have observed in this case that these two men who have testified here, and the wife of one of them has testified with some particularity as to the visits of this defendant to Pennsylvania; that is to say, one of the witnesses and his wife testified to the fact of such visits, and of their inability to distinguish him from other people; that the complaining witness and his associate, who is here, afterward saw this defendant in New York, and on another occasion saw him at or about Duke's house in the city of Hoboken, and then or at some future time he went to the town of Union in this county. The defendant, you will recall, denies that he ever saw these men or the wife of one of these men. If the defendant's story is true, and you are persuaded he never saw them or had anything to do with them, of course your verdict should be 'not guilty.' "

It is the last sentence of this quotation that is complained of, but the instruction has been reproduced entire in order to show the context. Counsel for plaintiff in error urge that the instructions place on their client the burden of proving his absence from the scene of the robbery, but this, we think, is fallacious. The antithesis is between the story of the complainants, that they had met the defendant at several times and places, including that of the robbery, and that of the defendant, that he had never met them anywhere or at any time. Certainly the defendant should be acquitted if this general claim was true, and in this respect there was no error.

Nor was any burden imposed on the defendant by this part of the charge. The objection, if anything, would be that the instruction did not go further and add that it was for the state to show beyond reasonable doubt that defendant was present and participating in the robbery. This had already been covered by the main charge, and the instruction complained of is not legally inconsistent therewith. If the defendant wished the court to apply the burden of proof rule again to this specific point, a proper request should have been submitted before the jury retired.

Plaintiff in error attacks also the ruling of the Supreme Court sustaining the instruction that an indictment for robbery will sustain a conviction of larceny. The Supreme Court properly said that in any event the instruction was harmless as the conviction was of robbery. We agree also that the instruction was correct. The English authorities do not seem to be entirely in accord on this point. The text of 3 *Chit. Crim. L.* *806 states that "on the trial should it appear that any of the circumstances of robbery are wanting, but the taking is proved, the defendant may be acquitted of the aggravated offence, and found guilty of simple larceny."

But the case of *Rex* v. *Francis,* 2 *Str.* 1015, 1019; 93 *Eng. Reprint* 1004, cited by the learned author, does not support the text and is in fact to the contrary. See, also, 2 *East P. C.* 708; 22 *Cyc.* 480. In *Robinson's Case, Russ. & Ry. C. C.* 321, it was debated whether a conviction could be had for larceny from the person if the proof showed that violence was used, and that upon a proper indictment defendant could have been convicted of robbery. Whatever may be the older English law on this point, that of this state is not in doubt. The difficulty under the former seems to have been caused by the old distinctions in the procedure relating to prosecution of felonies and misdemeanors, whereby the defendant had greater privileges on the trial for the lesser offence. Under our law the reverse is the case, and consequently the rule fell with the reason for it. Such was the broad decision in *State* v. *Johnson,* 30 *N. J. L.* 185, cited by the court below.

That robbery involves a larceny is of course perfectly clear. 2 *Bish. New Crim. L.*, §§ 892, 1156; 2 *Bish. New Crim. Proc.*, § 1001.

The indictment in this case is for robbery as at common law, and does not exactly follow section 120 of the Crimes act. It charges that by violence and putting in fear, the defendant did take, steal and carry away, &c. This is substantially the form in 3 *Chit. Crim. L.* 806, and by its very language charges a larceny. Under the rule enunciated in *State* v. *Johnson, supra,* the instruction challenged was correct.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.   11

*For reversal*—None.