Clarence Gordon v. The State.

No. 5415. Decided June 18, 1919.

Rehearing denied October 15, 1919.

**1.—Theft—Swindling—Sufficiency of the Evidence—Possession—Title.**

Where, upon trial of theft under article 1332 P. C., the sufficiency of the evidence was attacked on the ground that if an offense was committed it was swindling and not theft, but the evidence showed that the acquisition of the possession of the alleged property was done under false pretext with the intent to appropriate and was followed by an appropriation, the offense of theft was complete and the conviction was sustained. In swindling the purpose and effect of the false pretenses is to acquire the title and not simply the possession of the alleged property.

**2.—Same—Accomplice—Sufficiency of the Evidence.**

Where, upon trial of theft, under article 1332 P. C., the sufficiency of the evidence was assailed upon the proposition that the prosecuting witness was an accomplice, but the evidence showed that by the false pretext of the defendant the witness was induced to surrender his possession of the alleged property, and that he did not intend to part with the title thereto, he could not be an accomplice in the design to steal his own property and he was not an accomplice, and there was no reversible error. Following Gibson v. State, recently decided.

Appeal from a conviction of theft under article 1332 P. C.; penalty three years imprisonment in the penitentiary.

Appeal from the District Court of Kaufman. Tried below before the Hon. Joel R. Bond.

The opinion states the case.

*Thos R. Bond,* for appellant.—On question of swindling: Lewis
41—85 T. C. R.

v. State, 75 Texas Crim. Rep., 509, 171 S. W. Rep., 217; Taylor v. State, 22 Texas Crim. App., 148.

*E. A. Berry*, Assistant Attorney General, for the State.—Cited Glasgow v. State, 50 Texas Crim. Rep.; 635; Lovell v. State, 48 id., 85; Williams v. State, recently decided.

MORROW, JUDGE.—This conviction is for theft. The State's theory is that the appellant and one Gibson were acting together and obtained the possession of $200 from one Williams by means of a false pretext. In Article 1332, P. C., it is said, concerning theft: "The taking must be wrongful, but if the taking, though originally lawful was obtained by any false pretext, or with any intent to deprive the owner of the value thereof, and appropriate the property to the use and benefit of the person taking, and the same is so appropriated, the offense of theft is complete." It was the State's theory that the possession was acquired in the manner condemned by this statute.

The evidence shows that Gibson called Williams' attention to the fact that appellant was in the act of picking up a pocket book; that it was agreed that the contents of the pocket book be divided equally between the appellant, Gibson and Williams; that the appellant represented that the pocket book contained a $500 bill and a $100 bill, and that it was necessary to have additional money to make change so that the division might be effected; that to this end Williams delivered to the appellant $200. During the negotiations leading to appellant's consent to deliver the $200. Gibson said, in the presence of the appellant, "You will get your money back and the $200." The $200 was not returned but was appropriated by the appellant and Gibson.

The sufficiency of the evidence is attacked on the ground that if an offense was committed it was swindling and not theft. In swindling the purpose and effect of the false pretenses is to acquire the title. In theft the acquisition of the possession by the false pretext is sufficient if done with the intent to appropriate and is followed by an appropriation. The sufficiency of the evidence is also assailed upon the proposition that Williams was an accomplice, and that the conviction cannot rest upon his testimony alone. The basis of this view is that Williams was a party to a conspiracy to steal the money which he believed to be in the pocket book which was found. The theft of the money which was supposed by him to be in the stolen pocket book was but an imaginary offense. The pocket book was not lost, and if it contained money which was not shown, it was not lost money. Both it and the pocket book were but decoys used by the appellant and his confederate to lead Williams into the belief that their pretenses were true, and that thereby

to deceive him. There was no conspiracy to steal the lost pocket book, or the lost money therein, for the reason that no such intent existed in the minds of either appellant or Gibson. Their intent was to obtain the possession of William's money, to deprive him of the value of it, and appropriate it to their own use. The pretense that the pocket book was lost, that it contained money, that it would be divided, that Williams' money was needed for the purpose of making change, was but the means which they used to entrap him, and he was not an accomplice in the design to steal his own money. He expected that to be returned. He did not intend to part with the title to it, and was by the false pretext induced to surrender its possession.

This is a companion case to that of Gibson v. State, No. 5416, this day decided, and in it the questions of law and the facts involved are more elaborately dealt with. From the conclusion reached therein it follows that an affirmance should be ordered of the judgment herein, which is accordingly done.

Rehearing denied October 15, 1919, Reporter.

*Affirmed.*