## PAT FISHER V. THE STATE.

No. 9365.   Delivered November 11, 1925.

**1.—Robbery—Charge of Court—Defensive Issues—Must be Submitted.**

Where, on a trial for robbery, the defensive issue, supported by the testimony of appellant and other witnesses, was that prosecuting witness in a game of cards, at appellant's home, had used marked cards, and thereby defrauded appellant out of his money, and that the assault was only to repossess himself of his own money out of which he had been defrauded, it was error to fail to submit this issue affirmatively to the jury. Following Temple v. State, 215 S. W. 965, and distinguishing Blaine v. State, 34 Tex. Crim. Rep. 448; 31 S. W. 368.

**2.—Same—Continued.**

The distinction which we draw, is that where one loses his money in a game of cards which is played according to the rules of the game, he cannot repossess himself of it by force, but where his money is secured' through the device of using marked cards, he cannot be guilty of robbery in regaining possession of it, even by force.   It is well settled that one is guilty of no offense by taking his own property from another who has acquired it unlawfully.   Following Barton v. State, 227 S. W. 317, and other cases cited.

Appeal from the District Court of Hale County.   Tried below before the Hon. R. C. Joiner, Judge.

Appeal from a conviction of robbery, penalty five years in the penitentiary.

The opinion states the case.

*L. G. Matthews* and *W. W. Kirk,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Hale County for the offense of robbery and his punishment assessed at confinement in the penitentiary for a term of five years.

The facts show the robbery occurred while a card game was going on and it was the appellant's theory, supported by his testimony and that of his witnesses, that the alleged injured party had used marked cards in the game, although falsely claiming they were not marked, and by so doing had acquired his money, and that if any assault was made, it was made alone

for the purpose retaking the money belonging to him which the alleged injured party had thus fraudulently acquired.

The appellant's complaint is at the court's action in refusing to affirmatively submit this theory of the case to the jury. The only charge on this issue submitted to the jury by the court is as follows:

"You are instructed that if you believe from the evidence that on the date and at the place alleged there was disturbance in the home of the defendant Pat Fisher, but that in the disturbance the said Pat Fisher accused the said George Saunders of cheating at cards and that the assault, if any, was only made for the purpose of ejecting or having the said George Saunders leave the premises of the defendant and not for the purpose of obtaining the money of the said George Saunders, then in that event you will acquit the defendant, or if you have a reasonable doubt on this point you will acquit the defendant."

Appellant leveled many pertinent objections at this charge and offered a special charge presenting his theory of the case. Appellant's objections to the charge were overruled and his special charge refused. It was the appellant's theory of the case that if he was induced to part with his money and place it under the control of Saunders through a device used by Saunders of marked cards, that he would not be guilty of the offense of robbery in regaining possession of it though in so doing he used force.

We think a charge embodying this principle should have been given in this case. Temple v. State, 215 S. W. 965. In that case Presiding Judge Morrow drew a very clear distinction between the proposition here set out and that presented and decided in the case of Blaine v. State, 34 Tex. Crim. Rep. 448, 31 S. W. 368.

The Blaine case, supra, holds that when one playing at a gambling house loses money under the rules of the game and surrenders it to his adversary, he may be guilty of robbery when he regains it by force. But in this case, as in the Temple case, supra, if appellant's theory is correct, he was induced to part with his money not according to the rules of the game but by reason of the fraudulent practice of his adversary in. using marked cards.

We think the Temple case, supra, and the authorities there cited make it clear that the appellant was entitled to a charge in this case presenting the theory that if the money was acquired from him through the device of using marked cards by Saunders, then in that event he would not be guilty of the of-

fense of robbery in regaining possession of it. For it is well settled that one cannot be guilty of robbery by taking his own specific property from the possession of another who has acquired it unlawfully although the taking may be accomplished under such circumstances as would amount to robbery if the property belonged to the person from whom it was taken. Barton v. State, 227 S. W. 317; Glynn v. State, 49 Tex. Crim. Rep. 349, 92 S. W. 806, 13 Ann. Cas., 774; Barnes v. State, 9 Tex. Crim. Rep. 128; Higgins v. State, 19 S. W. 503; Smedley v. State, 30 Tex. Crim. Rep. Rep. 214, 13 Ann. Cas. 775, note.

We think the charge should have been so amended that it would have appropriately presented the appellant's rights in the event the jury believed from the evidence that the money was obtained from him by the fraudulent use of marked cards, and the failure to so instruct the jury constitutes error requiring a reversal.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.