## GOVAN v. STATE. (No. 12635.)

Court of Criminal Appeals of Texas. June 19, 1929.

Rehearing Denied Nov. 6, 1929.

R. L. Williford, of Fairfield, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is aggravated assault; the punishment being assessed at a fine of $100 and confinement in the county jail for six months.

Appellant and the injured party had been engaged in a card game. Appellant and his witnesses testified that the injured party had obtained some of appellant's money by the use of fraud. After the game terminated, the injured party was sitting near the fire. Appellant walked up to him, and demanded that he return his money to him. The injured party refused to comply with the demand, and appellant struck him on the head with a poker, crushing his skull.

There was no issue of self-defense in the case; appellant's theory being that he had the right to assault the injured party in order to regain his money. He sought to have the jury instructed that if they believed that the injured party had taken his money and refused to return it to him and that he struck the injured party with no other intent than to try to regain his property he should be acquitted. Appellant was not entitled to this instruction. He may have had a perfect legal right to the money in the possession of the injured party, but he had no right to commit an assault in an endeavor to repossess himself of said money. Carrel v. State, 77 Tex. Cr. R. 344, 178 S. W. 331.

In Cole v. State, 104 Tex. Cr. R. 533, 286 S. W. 204, 205, 207, we find language as follows: "If their money was taken from them by means of fraudulent dice, as contended by the appellants, the person so taking it would be guilty of theft by false pretext, and the title to the money thus acquired would not pass. Gibson v. State, 85 Tex. Cr. R. 462, 214 S. W. 341; Gordon v. State, 85 Tex. Cr. R. 641, 214 S. W. 980. Under such circumstances, in endeavoring to repossess themselves of money stolen from them, they would not be guilty of robbery though they might be guilty of an unlawful assault. See Barton v. State, 88 Tex. Cr. R. 368, 227 S. W. 317, 13 A. L. R. 147; Fisher v. State (Tex. Cr. App.) [102 Tex. Cr. R. 229] 277 S. W. 386 [42 A. L. R. 740]."

The court should not have charged the law of self-defense, as the issue was not raised. However, the facts show without controversy that appellant committed the assault on the injured party, and the error does not call for a reversal. Branch's Annotated Penal Code of Texas, § 1969; Hicks v. State, 75 Tex. Cr. R. 461, 171 S. W. 755, 761.

Appellant contends that the evidence fails to disclose that the poker used by him in striking the injured party was in the manner of its use a deadly weapon. We are unable to agree with this contention. Not only did the injured party sustain serious bodily injury, but the size of the poker as disclosed by the witnesses justified the finding by the jury that, in the manner in which it was used, it was a deadly weapon.

Failing to find reversible error, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### On Motion for Rehearing.

MORROW, P. J. Exceptions were reserved to the charge and special charges were requested. One of these, charge No. 2, in substance would have told the jury that, if Walker took the property of the defendant and refused to return it, and that Walker was

struck by the appellant solely for the purpose of regaining his property, he should be acquitted. The defense of recovery of stolen property as set forth in the homicide statute, article 1222, Pen. Code, was not available to the appellant. He does not so contend. The dollar which he claims was in the possession of the injured party was not taken from the appellant by false pretext, bringing it within the principle of article 1413, Pen. Code, defining theft by false pretext. See Gordon v. State, 85 Tex. Cr. R. 641, 214 S. W. 980. Walker, the injured party, was not dealing the cards. It is claimed by the appellant and his witnesses that, while the witness Thurmond was dealing the cards in a game of "monte," the appellant and Walker bet each other $1. Appellant bet on the "six" and Walker on the "queen." The winner was to be determined by which of the cards (the "six" or the "queen") would be first dealt from the cards remaining in the deck. The "queen" came first, but it was discovered and announced by Thurmond that the "six" was not in the deck. Thurmond declared that the "lay" was "foul," and that there could be no winner under the circumstances. It is not claimed that Walker was responsible for the absence of the "six."

The appellant's version of the case is controverted by the state's testimony, it presenting the theory that the appellant, having previously lost to Walker a considerable sum of money, and having also lost the dollar mentioned, struck Walker without provocation while he was sitting by the fireplace. The act of the appellant cannot be justified under articles 1224 and 1227 of the statute (Pen. Code) with reference to the right to protect property. This for the reason, among others, that the force used was apparently excessive. Where the facts bring into operation the statute mentioned, the law demands that other means be exhausted before resorting to violence; and the law also demands that, if force is used, it should not be excessive. The matters discussed were not submitted to the jury. The special charge which the appellant requested was absolute in its terms, directing an acquittal if the appellant's intent and purpose in striking the blow were to regain his money. From the facts, viewed from the appellant's standpoint, no theory is presented which in a legal sense would have justified the acquittal of the accused. In any view of the testimony, he was guilty of some grade of assault.

In his charge submitting aggravated assault, the court embraced the following language: "If you believe from the evidence that Garland Walker, just prior to the alleged assault, took one dollar belonging to defendant, and upon defendant's demanding and requesting of him the payment or return of such dollar that the said Garland Walker refused to restore the same, such act on the part of Garland Walker would constitute adequate cause."

The jury acquitted the appellant of assault with intent to murder, and manifestly gave him the benefit of the paragraph of the instruction quoted above, which is quite favorable to the appellant. The evidence is sufficient to show that the blow was struck with a weapon which, in the manner used, was deadly. The wound inflicted was serious, as the skull of Walker was fractured.

The motion for rehearing is overruled.