## P. W. LEWIS v. THE STATE.

No. 14466. Delivered November 25, 1931.

The opinion states the case.

*J. G. Lyles,* of Franklin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for swindling; punishment, five years in the penitentiary.

Levine, the injured party, claimed that he was induced to let appellant have $1,075 upon his belief that certain diamonds delivered to him by appellant as security, were genuine diamonds and of the value of $3,700. The diamonds were supposed to belong to a third party from whom appellant was purchasing them, the negotiations having been conducted in Levine's store. Appellant, the pretended purchaser of the diamonds, appeared to lack $1,075 of having enough money to pay for the stones, and Levine agreed to accept and hold the stones as security for the repayment to him, apparently, by appellant of said $1,075. Appellant did not return with the money, and upon examination the stones were ascertained to be worthless.

In our opinion the case must be reversed and the prosecution ordered dismissed because of the lack of any allegation in the indictment that the diamonds in question were ever delivered to or accepted by Levine. Mere false promises to produce money in the future, or to go and secure it and return with it and deliver it to a certain party, would not suffice as a basis for swindling under all the authorities. The indictment in this case merely alleges the acquisitions by appellant from Levine of the $1,075 upon appellant's offer to deliver the said stones to Levine, and his promise to repay to Levine said sum of money together with interest thereon. The indictment alleges that Levine believed the representations, and believed the stones were genuine, and that he relied upon all the representations, and so believing delivered to appellant said money. It is alleged that appellant well knew that the stones were not of the value represented, and that he made said representations to Levine, intending to acquire the said $1,075 in money, and to deprive the owner of the use and benefit thereof, and that he did acquire said money and did appropriate it and convert same to his own use and benefit with no intention to repay same. It is evident from an examination of the record that Levine did not part with his money upon the representations merely that the stones were genuine, and that the advancement of money would be repaid by appellant. It is clear that he relied upon his holding the stones in his possession as security for the repayment of the money. Without some allegation of the delivery of the stones to Levine, we are of opinion the indictment would not be sufficient. No motion was made to quash the indictment. We believe the error of such fundamental character as to render the

582

indictment insufficient. Cummings v. State, 36 Texas Crim. Rep., 152, 36 S. W., 266; Albertson v. State, 84 Texas Crim. Rep., 574, 208 S. W,. 923.

The state's attorney with this court in his brief confessed error upon the proposition that the offense, if any committed by appellant, was theft by false pretext and not swindling, the point being that Levine expected to get his money back from appellant. Rundell v. State, 90 Texas Crim. Rep., 410, 235 S. W., 908. He also cites DeBlanc v. State, 118 Texas Crim. Rep., 628, 37 S. W. (2d) 1024; Contreras v. State, 118 Texas Crim. Rep., 626, 39 S. W. (2d) 62; Gibson v. State, 85 Texas Crim. Rep., 462, 214 S. W., 341, and Gordon v. State, 85 Texas Crim. Rep., 641, 214 S. W., 980. The record leaves us in some doubt as to the soundness of this position taken by our state's attorney. It is suggested that in case of further prosecution, counts be inserted in the indictment covering both said offenses, and the case proceed upon the offense supported by the evidence adduced on the trial.

For the error above discussed, the judgment will be reversed and the prosecution ordered dismissed.

*Judgment reversed and prosecution ordered dismissed.*