124 N.J. Super. 189 (1973)
305 A.2d 800
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM ORTIZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 14, 1973.
Decided June 8, 1973.
*190 Before Judges LORA, ALLCORN and HANDLER.
Mr. Charles E. Carlson, Jr., argued the cause for the appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Dante P. Mongiardo, Assistant Prosecutor, argued the cause for the respondent (Mr. Joseph D.J. Gourley, Prosecutor of Passaic County, attorney).
PER CURIAM.
Defendant appeals his convictions of the charges of robbery, while armed, and possession of a dangerous knife.
He asserts as plain error, (1) the portion of the charge which instructed the jury "that if the * * * [defendant and his codefendant brother] were attempting to collect a debt, this would not be a defense to the charge of robbery and robbery while armed," and (2) failure to "instruct the jury *191 that in order to constitute possession of a dangerous instrument, the knife must have * * * been concealed." Defendant also urges that there was error "in failing to dismiss the possession indictment as it merged into the robbery while armed indictment."
In support of his first contention defendant cites the case of People v. Butler, 65 Cal.2d 569, 55 Cal. Rptr. 511, 421 P.2d 703 (Sup. Ct. 1967), holding improper comment of the prosecutor in summation to the effect that, where money was taken by force, even though taken with intent only of recovering money owed to the assailant, the taking constituted robbery. A divided court, in reversing a felony-murder conviction, there stated:
Although an intent to steal may ordinarily be inferred when one person takes the property of another, particularly if he takes it by force, proof of the existence of a state of mind incompatible with an intent to steal precludes a finding of either theft or robbery. It has long been the rule in this state and generally throughout the country that a bona fide belief, even though mistakenly held, that one has a right or claim to the property negates felonious intent. * * * [55 Cal. Rptr. at 514, 421 P.2d, at 706]
A review of the authorities, however, reveals that the proposition so espoused by the California court is little more than a relic of days long past, which did not then and does not now enjoy anything like the universal acceptance suggested by the sweeping language of the majority opinion in Butler. The most recent annotation in 1956, discloses the proposition to have been adopted or applied in only 11 jurisdictions in the United States, commencing in 1816 in Ohio, followed by Iowa (1875), Missouri (1891), Utah (1895), Colorado (1920), Texas (1921), Oklahoma (1923), Virginia (1926), California (1927), Arizona (1935) and Kentucky (1937); and applied in England in 1864. Annotation, "Robbery or assault to commit robbery as affected by intent to collect or secure debt or claim," 46 A.L.R.2d 1227 (1956).
Moreover, in those jurisdictions which, since 1937, have had occasion to examine the question as a matter of first *192 impression, all have rejected it  with the exception of a single federal case, decided by a divided three-judge court. Moyers v. State, 186 Ga. 446, 197 S.E. 846 (Sup. Ct. 1938); People v. Uselding, 107 Ill. App.2d 305, 247 N.E.2d 35 (App. Ct. 1969); State v. Pierce, 208 Kan. 19, 490 P.2d 584 (Sup. Ct. 1971); Edwards v. State, 49 Wis.2d 105, 181 N.W.2d 383 (Sup. Ct. 1970); Richardson v. United States, 131 U.S. App. D.C. 168, 403 F.2d 574 (D.C. Cir.1968). Although the existence of the proposition was noted in passing in the case of State v. Mayberry, 52 N.J. 413, 431 (1968), cert. den. 393 U.S. 1043, 89 S.Ct. 673, 21 L.Ed.2d 593 (1969), our Supreme Court found no occasion to make a determination with respect to it.
In our view, the proposition not only is lacking in sound reason and logic, but it is utterly incompatible with and has no place in an ordered and orderly society such as ours, which eschews self-help through violence.[1] Adoption of the proposition would be but one step short of accepting lawless reprisal as an appropriate means of redressing grievances, real or fancied. We reject it out of hand.
There is likewise no merit in defendant's remaining contentions. Concealment is not an essential ingredient of the offense of possession of a dangerous instrument, State v. Hock, 54 N.J. 526 (1969). In view of the circumstance that defendant was found in possession of the knife when he was apprehended an appreciable time subsequent to the robbery, and the further fact that the proofs showed that, *193 at the time of the commission of the robbery, defendant's brother was in possession of a gun with which he threatened the victim, there was no merger of the knife possession charge with the armed robbery charge, inasmuch as proof of possession of the knife by this defendant at the time of the commission of the robbery was not essential in order to establish his guilt of the charge of robbery, while armed. State v. Thomas, 61 N.J. 314 (1972); State v. Leibowitz, 22 N.J. 102 (1956).
Affirmed.
NOTES
[1] See, for example, the provisions of the Uniform Commercial Code, wherein a creditor holding a nonpossessory security interest in collateral, upon the default of his debtor is permitted to take possession of the collateral by means of self-help only "if this can be done without breach of the peace," N.J.S.A. 12A:9-503. But cf., §§ 2C:20-2(c) and 2C:19-1 of proposed N.J. Penal Code, and commentary thereon, contained in Final Report of New Jersey Criminal Law Revision Commission (1971).