176 N.J. Super. 49 (1980)
422 A.2d 97
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANK D'AGOSTINO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 16, 1980.
Decided October 20, 1980.
*51 Before Judges MATTHEWS, MORGAN and MORTON I. GREENBERG.
Susan T. Sinins, Assistant Deputy Public Defender, argued the cause for appellant (Stanley C. Van Ness, Public Defender, attorney).
Fredric M. Knapp, Deputy Attorney General, argued the cause for respondent (John J. Degnan, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by MORGAN, J.A.D.
Defendant appeals his convictions by jury of first degree murder (felony murder), manslaughter, atrocious assault and battery, assault with an offensive weapon, threatening to take a life and unlawful possession of a pistol. He was sentenced to a term of life imprisonment followed by consecutive terms aggregating 13 to 19 years in custody.
The homicide occurred during defendant's attempt to recover property he thought had been stolen from him by the victim's brother. The supposed theft had taken place at defendant's home on January 14, 1978 when Randy Kittleson, the victim's brother, and one Paul Noreillie went there to purchase drugs. Testimony disclosed that defendant told his friends, the night of the visit, that he "had been ripped off for either drugs or money," and one of his friends suggested that Randy Kittleson, who had visited him earlier that day, may have been the thief.
Armed with a pistol, defendant with some of his friends decided to pay a visit to the Kittleson house. Much of what occurred thereafter is in sharp dispute. According to Randy Kittleson, defendant encountered him in his garage, attacked him with the pistol, and his brother Kitt was killed when he came to Randy's rescue with the shotgun with which he was shot. The evidence concerning who had possession of the shotgun and who pulled the trigger which resulted in Kitt's death was in conflict.
*52 There was, however, no conflict concerning the reason defendant went to the Kittleson house. All witnesses agreed and the case proceeded on the entirely justified assumption that defendant sought the return of property he thought Randy Kittleson had stolen from him earlier that day. Indeed, it was this state of the proofs which generated the following portion of the jury charge on felony murder which we regard as critical to the disposition of this appeal:
Referring again now to the description of robbery, the Court advises you that intent to steal is present when one, at gunpoint or by force or threat of force, intends to take property or things of value from another, even though the person charged believed correctly or in error, that it was his property or the equivalent thereof, that he was attempting to take back.
The remaining portions of the charge explained the elements of murder (first and second degree) and involuntary manslaughter. Over defendant's objection, the trial judge thereafter explained felony murder and the essential elements for a conviction of first degree murder on that basis. Although defendant had not been charged with robbery, the felony murder option was premised on a possible jury finding that defendant had committed or was attempting to commit robbery during which the killing occurred. Included in this portion of the charge was a specification of the elements of robbery in connection with the above-quoted excerpt.
Before and after the jury charge defendant objected to the trial judge's definition of robbery which apparently dispensed with the necessity for an underlying larceny or attempted larceny. Under the judge's definition, a robbery would be committed by the forcible repossession of one's own property. Notwithstanding the objections registered during trial, defendant chose not to urge the matter on appeal. Nonetheless, we address ourselves to what we conceive to be plain error detrimentally affecting defendant's substantial rights.
Under ordinary circumstances a person does not commit theft by retaking possession of his own property. State v. Brighter, Haw. 608 P.2d 855 (Sup.Ct. 1980); Moyers v. State, 186 *53 Ga. 446, 197 S.E. 846 (Sup.Ct. 1938); State v. Hubbard, 126 Kan. 129, 266 P. 939 (Sup.Ct.App. 1928); Butts v. Commonwealth, 145 Va. 800, 133 S.E. 764 (Sup.Ct.App. 1926); Black v. State, 83 Ala. 81, 3 So. 814 (Sup.Ct. 1888); contra, Elliott v. State, 2 Tenn.Cr. App. 418, 454 S.W.2d 187 (Crim.App. 1970).
To constitute larceny, the property taken must be the property of another. There is no larceny if the defendant was the owner of the property and was entitled to possession at the time of the taking. Therefore, no larceny is committed when the owner takes his property from the possession of another who has no entitlement thereto, or who has previously obtained it from him by duress or by some other unlawful means.
3 Wharton, Criminal Law, (14 ed. 1980) § 393 at 387.[1] Robbery, of course, is an aggravated form of larceny and when a person cannot be convicted of theft, then he cannot be convicted of robbery. Id., § 355 at 307-308; Perkins, Criminal Law, c.4, § 2 at 236 (1957); State v. Brighter, supra, 608 P.2d at 859. He may be guilty of other offenses, such as assault, or trespass, or aggravated assault and battery, but not robbery. See, e.g., Butts v. Commonwealth, supra; Johnson v. State, 24 Okl.Cr. 326, 218 P. 179 (Crim.App. 1923); Glenn v. State, 49 Tex.Cr.R. 349, 92 S.W. 806 (Crim.App. 1906). This is because larceny is a lesser included offense of robbery, a "necessary component" of robbery. State v. Bowden, 62 N.J. Super. 339, 345 (App.Div. 1960), certif. den. sub nom. State v. Duffy, 33 N.J. 385 (1960); State v. McDonald, 89 N.J.L. 421, 422-423 (Sup.Ct. 1916), aff'd 91 N.J.L. 233 (E. & A. 1918).
Thus, in Fisher v. State, 102 Tex.Cr.R. 229, 277 S.W. 386 (Crim.App. 1925), defendant was held not guilty of robbery when he assaulted the alleged victim for the purpose of retaking his money fraudulently acquired by the other through the use of marked cards in a card game. The court stated:

*54 ... it is well settled that one cannot be guilty of robbery by taking his own specific property from the possession of another who has acquired it unlawfully, although the taking may be accomplished under such circumstances as would amount to robbery if the property belonged to the person from whom it was taken. [277 S.W. at 387]
Similarly, in Glenn v. State, supra, defendant insisted that he had seen the alleged injured party steal his money from a coat pocket, accused him of the theft and finally threatened to strike him with a hammer unless his money was returned. Reversing a conviction of robbery, the court observed:
... in order to constitute robbery, the thing taken must belong to another than the taker, and it would further follow that if the property, though taken from another forcibly, was the property of the taker it is not robbery, although the acts may constitute some other offense, if the taker at the time believed the thing taken was his own. This we understand is a rule sanctioned by the courts of England and America. [92 S.W. at 806]
Where the intent of the defendant is to obtain that which is his, the intent to steal is absent. "[T]he inference of a felonious intent that would arise from the forcible and unlawful taking" is rebutted. People v. Gallegos, 130 Colo. 232, 274 P.2d 608, 609-610 (Sup.Ct. 1954). It is this lack of the requisite "animus furandi" which also underlies the notion that a person does not commit robbery if he takes the property under a bona fide claim of right. See e.g. Richardson v. United States, 403 F..2d 574 (D.C. Cir.1968); Commonwealth v. White, 1977 Adv.Sheets 826, 5 Mass. App. 483, 363 N.E.2d 1365 (Mass. App. 1977); People v. Hobbs, 68 Mich. App. 239, 242 N.W.2d 535 (App.Ct. 1976); People v. Holcomb, 395 Mich. 326, 235 N.W.2d 343 (Sup.Ct. 1975); People v. Butler, 65 Cal.2d 569, 55 Cal. Rptr. 511, 421 P.2d 703 (Sup.Ct. 1967); State v. Hardin, 99 Ariz. 56, 406 P.2d 406 (Sup.Ct. 1965); State v. Spratt, 265 N.C. 524, 144 S.E.2d 569 (Sup.Ct. 1965); People v. Gallegos, supra; Analytis v. People, 68 Colo. 74, 188 P. 1113 (Sup.Ct. 1920); Moyers v. State, 186 Ga. 446, 197 S.E. 846 (Sup.Ct. 1938); Butts v. Commonwealth, supra. Whereas it is generally not disputed that there is no robbery when a person forcibly retakes his own specific possession, a number of jurisdictions reject the idea of a defense to robbery based on a good faith claim of right or collection of debt. See e. *55 g., People v. English, 32 Ill. App.3d 691, 336 N.E.2d 199 (Ct.App. 1975); Elliott v. State, supra; State v. Martin, 15 Or. App. 498, 516 P.2d 753 (Ct.App. 1973), reh. den. (1974).
The law in New Jersey defines one of the elements of robbery as the "taking of property which belongs to someone other than the thief." State v. Bowden, supra, 62 N.J. Super. at 345; State v. Ford, 92 N.J. Super. 356, 363 (App.Div. 1966); State v. Cottone, 52 N.J. Super. 316, 323 (App.Div. 1958). It is to be noted that this State is among those jurisdictions which have rejected the proposition that an attempt to collect a debt, a good faith belief that one is entitled to the property taken, is a defense to the charge of robbery. State v. Ortiz, 124 N.J. Super. 189, 191-192 (App.Div. 1973).[2] In fact, the Ortiz court denounced such "self-help through violence." Id. at 192.
The recently enacted N.J.Code of Criminal Justice, however, establishes an affirmative defense to the charge of theft where the defendant "[a]cted under an honest claim of right to the property or service involved or ... had a right to acquire or dispose of it as he did...." § 2C:20-2(c)(2). It was a similar "claim of right" provision in State v. Brighter, supra, which swayed the Supreme Court of Hawaii to accept the defense as it applied to robbery. 608 P.2d at 859.
The singular distinction between the facts of this case and those in Ortiz is that the defendant here sought to reclaim the very property taken, his own property, rather than the injured party's property representing an equivalent in value. As articulated by the Supreme Court in State v. Brighter, supra, "the interest which the accused asserts under a claim of right must *56 be to specific property ...." 608 P.2d at 859 (emphasis in original). See a lucid explanation of the distinction in Edwards v. State, 49 Wis.2d 105, 181 N.W.2d 383, 387-388 (Sup.Ct. 1970), and in State v. Pierce, 208 Kan. 19, 490 P.2d 584 (Sup.Ct. 1971). It is to be stressed that this court also denounces "self-help through violence" and the personal redress of one's own wrongs without recourse to the judicial process. Yet the offense or offenses committed by such action is not necessarily robbery.
In our view the jury instruction was clearly erroneous and provided the occasion for a felony murder verdict which would otherwise have been unobtainable. Under the uncontradicted testimony in the case, defendant sought to recover his own property, not to steal that of another. Indeed, it was that posture of the proofs that generated the jury charge which is at the basis of this reversal. There was no evidence of larcenous intent; felony murder should not have been given to the jury as an option.
Count four of the indictment charging defendant with an assault with an offensive weapon upon Randy Kittleson (N.J.S.A. 2A:90-3) should be merged into count three, charging an atrocious assault and battery upon that same person. The two pistol counts, possession thereof without a permit and possession by a felon should also be merged.
We have examined the record in connection with defendant's other contentions that (1) the felony murder charge was erroneous under State v. Canola, 73 N.J. 206 (1977), (2) testimony regarding defendant's alleged oral admissions was improper, and (3) defendant's convictions under counts three to seven should be merged and, except as otherwise ordered here, conclude that they lack merit. R. 2:11-3(e)(2).
The felony murder conviction is vacated. The matter is remanded to the trial judge for sentencing on the manslaughter conviction and for other action concerning merger of offenses consistent with this opinion.
Modified.
NOTES
[1] Even an owner may be guilty of theft, however, when he takes property from the possession of one with a superior interest therein, such as a bailee, pledgee, or lienholder. Id. at 389. Because larceny is essentially a crime against possession, the offense can be committed even against one who is himself a thief, so long as the thief has a superior right of possession as, for example, against another thief. Id., § 390, n. 81 at 383.
[2] In State v. Mayberry, 52 N.J. 413 (1968), cert. den. 393 U.S. 1043, 89 S.Ct. 673, 21 L.Ed.2d 593 (1969), defendants were convicted of first degree murder when the victim was shot as the result of a scuffle during an armed robbery. Although the court noted defendants' claim that they had gone to collect a debt, it deemed the claim rejected by the jury's finding of first degree murder. Therefore, the propriety of the defense itself was left open. 52 N.J. at 430-431.