925 P.2d 1088

**STATE of Hawai'i, Petitioner–Appellee,**

v.

**Robert Wendell McMILLEN, Respondent–Appellant.**

No. 16760.

Supreme Court of Hawai'i.

Oct. 3, 1996.

Linda C.R. Jameson, Deputy Public Defender, for respondent-appellant.

Carolyn M. Mee, Deputy Prosecuting Attorney, for petitioner-appellee.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA, and RAMIL, JJ.

KLEIN, Justice.

We granted certiorari to review an Intermediate Court of Appeals (ICA) opinion reversing the conviction of respondent Robert W. McMillen (McMillen) of robbery in the second degree, a violation of Hawai'i Revised Statutes (HRS) § 708–841(1)(a),[1] We reverse the ICA's opinion and reinstate McMillen's conviction of robbery. In addition, pursuant to Rule 2(a) of the Rules of the Intermediate Court of Appeals, we direct that an order depublishing the ICA's January 16, 1996 opinion be filed concurrently with this opinion.

### I. BACKGROUND

The central facts in this appeal are not disputed. In April 1992, McMillen punched Roger Wilcox in the face and appropriated his backpack. McMillen claims that when he saw an acquaintance trying to take the pack from Wilcox's possession, he mistakenly thought his friend "was trying to claim something that was rightfully his," and that he intervened to help. McMillen testified that he "walked up and ... punched the [victim] in the face and ... grabbed the backpack."

At trial, McMillen sought to give the jury Instruction No. 7.03 from the *Hawai'i Standard Jury Instructions—Criminal* (Dec. 1991), which is patterned after HRS § 708–834 (1993),[2] modified as follows:

It is a defense to a charge of theft (1) that the defendant believed he/she was entitled to the property or service involved

---

1. HRS § 708–841(1)(a) (Supp.1992) provided:
 **Robbery in the second degree.** (1) A person commits the offense of robbery in the second degree if, in the course of committing theft:
 (a) He uses force against the person of anyone present with the intent to overcome that person's physical resistance or physical power of resistance[.]
 Respondent did not appeal his conviction on a count of Assault in the Third Degree.

2. HRS § 708–834(1) (1985) provided that:
 (1) It is a defense to a prosecution for theft that the defendant:
 (a) Was unaware that the property or service was that of another; or
 (b) Believed that he was entitled to the property or services under a claim of right or that he was authorized, by the owner or by law, to obtain or exert control as he did.

under a claim of right, or (2) that the defendant believed that he was authorized by the owner or by law to obtain or exert control as he did. It does not matter if the defendant's belief was mistaken, as long as the defendant held the belief genuinely and in good faith at the time of the alleged offense. However, the interest which the defendant asserts under a claim of right (1) must be to the specific property or the specific service involved, not an interest shared with the alleged victim.

The prosecution has the burden of proving beyond a reasonable doubt that (1) the defendant was aware that the property or service belonged to ROGER WILCOX, (2) the defendant did not genuinely and in good faith believe he was entitled to the property or service under a claim of right, and (3) the defendant did not genuinely and in good faith believe that he was authorized by the owner or by law to obtain or exert control as he did.

The court refused the instruction, pointing to the accompanying commentary:

The Committee was unable to agree as to whether this instruction could be utilized in a robbery prosecution. Those supporting its use noted that *State v. Brighter* provides, "[r]obbery ... is merely an aggravated form of theft." "[W]here, on the facts, an accused may not be convicted of theft, a fortiori he may not be convicted of robbery."

*Hawai'i Standard Jury Instructions—Criminal* at 84 (citations omitted). The court instead gave McMillen's Supplemental Instruction No. 4, the language of which tracks HRS § 702–218 (1993):

In any prosecution for an offense, it is a defense that the accused engaged in the prohibited conduct under ignorance or mistake of fact if:

(1) The ignorance or mistake negatives the state of mind required to establish an element of the offense; or

(2) The law defining the offense or a law related thereto provides that the state of mind established by such ignorance or mistake constitutes a defense.

McMillen was found guilty by the jury, and was sentenced on the robbery count, as a repeat offender, to a ten year term.

On appeal, the ICA reversed the robbery conviction and remanded for a new trial. Relying on *State v. Brighter*, 62 Haw. 25, 608 P.2d 855 (1980), the court concluded that the claim of right instruction should have been given because that defense applies to robbery prosecutions. The ICA further held that the defense was raised by the evidence in this case and was not covered by the mistake of fact defense. The state's certiorari petition was granted on March 15, 1996.

## II. STANDARD OF REVIEW

 When jury instructions are at issue on appeal, the standard of review is whether, considered as a whole, the instructions are prejudicially insufficient, erroneous, inconsistent or misleading. *State v. Kaiama*, 81 Hawai'i 15, 24, 911 P.2d 735, 744 (1996). The accused is entitled to an instruction on every defense supported by the evidence, no matter how inconclusive the evidence may be, provided that evidence would support consideration of that issue by the jury. *State v. Pinero*, 70 Haw. 509, 525, 778 P.2d 704, 715 (1989).

## III. DISCUSSION

As noted above, in reversing McMillen's robbery conviction, the ICA relied upon *Brighter* for the proposition that a claim of right defense applies to a robbery prosecution. In that case, this court did note that "where, on the facts, an accused may not be convicted of theft, a fortiori he may not be convicted of robbery." *Id.* at 30, 608 P.2d at 859. Notwithstanding its related factual setting, however, *Brighter* did not hold that the claim of right instruction was required, and we are not convinced that McMillen was entitled to such an instruction here.

*Brighter* arose out of a robbery instigated by three men who claimed to be recovering property, including jewels and marijuana, stolen from them by a Mark Wilson. *Id.* at 26–27, 608 P.2d at 857. The defendants broke into the house of Loretta Krause, who rented the downstairs apartment to a man named Mark Wilson; while some defendants

ransacked Krause's residence, the others realized they had the wrong Wilson. *Id.* At trial, their requested claim of right jury instruction was refused by the judge. *Id.* at 28–29, 608 P.2d at 858.

This court observed that applying the defense to robbery was "lacking in sound reason and logic ... and has no place in an ordered and orderly society such as ours, which eschews self-help through violence." *Id.* at 30, 608 P.2d at 858 (quoting *State v. Ortiz*, 124 N.J.Super. 189, 305 A.2d 800, 802 (App.Div.1973)). But because HRS § 708–834 applies the claim of right defense to theft, and because robbery is an aggravated form of theft, this court declared—somewhat reluctantly—that "where, on the facts, an accused may not be convicted of theft, a fortiori he may not be convicted of robbery." *Id.*, 608 P.2d at 859. This statement is dictum, however, because the *Brighter* opinion went on to hold that the instruction was correctly refused because a claim of right must be to specific property:

> In no way, obviously, can the defendants now reasonably argue that they had a bona fide claim of right to any of the property taken from Mrs. Krause. That being the case, the defendants' requested instruction that a bona[ ]fide claim of right was a defense to theft was properly refused as there was no evidence upon which such an instruction could have been predicated. Under these circumstances, also, the trial court's instruction to the jury that a bona[ ]fide claim of right was not a defense to robbery was at best harmless error.

*Id.* at 30–31, 608 P.2d at 859 (citation omitted).

The state suggests that the dictum in *Brighter* regarding the applicability of HRS § 708–834 to robbery is mistaken. The state points to HRS § 703–306 (1993), which governs defenses involving the use of force to recover property:

> § 703–306 **Use of force for the protection of property.** (1) The use of force upon or toward the person of another is justifiable when the actor believes that such force is immediately necessary:
>
> ...

> (c) To prevent theft, criminal mischief, or any trespassory taking of tangible, movable property in the actor's possession or in the possession of another person for whose protection he acts.

> (2) The actor may in circumstances specified in subsection (1) use such force as the actor believes is necessary to protect the threatened property, provided that the actor first requests the person against whom force is used to desist from his interference with the property, unless the actor believes that:

> (a) Such a request would be useless; or

> (b) It would be dangerous to the actor or another person to make the request; or

> (c) Substantial harm would be done to the physical condition of the property which is sought to be protected before the request could effectively be made.

> ...

The state essentially argues that, by enacting HRS § 708–834 together with § 703–306, the legislature has expressed a policy discouraging the assertion of self-help through the use of force. We agree. As the Commentary to the provision states:

> Subsection (2) permits the actor to use such force as the actor believes is necessary to protect the property, short of deadly force, after making a request to desist from interfering with the property. The request is required because of the high value to be placed upon prevention of human suffering. Infliction of physical force on another cannot be justified if the desired end can be achieved without the danger of injury.

To allow an accused to assert a claim of right defense under § 708–834 would undermine the careful safeguards against the unnecessary use of force outlined in § 703–306.

While most jurisdictions apparently still follow the common law rule that a forcible taking of property is not robbery where the taker has a good faith belief that she is the owner, *see* 77 C.J.S. *Robbery* § 22(c) (1952), the modern trend is in the other direction. "[T]he proposition that a claim of right negates the felonious intent in robbery 'not only is lacking in sound reason and logic, but it is

utterly incompatible with and has no place in an ordered and orderly society such as ours, which eschews self-help through violence.'" *People v. Hodges,* 113 A.D.2d 514, 496 N.Y.S.2d 771, 773–74 (1985) (quoting *State v. Ortiz,* 124 N.J.Super. 189, 305 A.2d 800, 802 (App.Div.1973)). *See State v. Schaefer,* 163 Ariz. 626, 790 P.2d 281, 283–84 (App.1990); *State v. Lewis,* 121 Ariz. 155, 589 P.2d 29 (App.1978); *Thomas v. State,* 584 So.2d 1022, 1023 (Fla.Dist.Ct.App.1991); *State v. Ortiz, supra; People v. Coates,* 64 A.D.2d 1, 407 N.Y.S.2d 866, 870 (1978); *See also State v. Palmeira,* 10 Haw.App. 200, 207–09, 862 P.2d 1073, 1076–77 (1993) (declining to apply the § 708–834 claim of right defense in an unauthorized control of propelled vehicle case). Given that the legislature has enacted specific statutes defining separate defenses depending on whether or not force was used, we hold that the § 708–834 claim of right defense to theft does not apply in a prosecution for robbery.

HRS § 703–306 requires that the disputed property be in the actor's possession or in the possession of another person for whose protection he acts, and that the accused request that the person against whom force is used desist from his interference with the property. McMillen testified that he "walked up and punched [victim] in the face and ... grabbed the backpack" because he thought his friend "was trying to claim something that was rightfully his[.]" Thus, by his own admission, McMillen met neither requirement set out by the legislature prior to his use of force; nor did his conduct fall into any relevant exception. Furthermore, the evidence in this case would not support a claim of right. At best, McMillen voluntarily assisted the putative owner and took his chances with the law—i.e., he was mistaken in fact.

## IV. CONCLUSION

We cannot say that, considered as a whole, the instructions given at McMillen's trial were prejudicially insufficient or erroneous. Therefore, we reverse the ICA's judgment of January 16, 1996, and reinstate McMillen's

conviction on the charge of robbery in the second degree.